ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-866 JMR/SRN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FELICIA R. BENNETT,<br><br>Defendant,<br><br>CITY OF LAKES HEALTH CARE,<br><br>Garnishee. | ) | AGREED FINAL ORDER IN GARNISHMENT |

The parties, the United States of America, the defendant Felicia R Bennett, and the garnishee City of Lakes Health Care, agree and stipulate as follows:

1. The defendant resides at 5500 Douglas Drive, #220, Crystal, MN 55429, and has a social security number of 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.

2. A judgment was entered against the defendant in this action in the amount of $4,930.25 plus interest at the rate of 3.70%, penalties and costs. A total balance due on the judgment is $5,187.90 as of October 25, 2001.

3. The garnishee, whose address is 110 East 18th Street, So., Minneapolis, MN. 55429, has in its possession, custody or control, property of the defendant in the form of wages paid to the defendant.

4. The defendant waives her right to a hearing under Section

FILED DEC 05 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

3206 of the Federal Debt Collection Procedures Act of 1990 (FDCPA), 28 U.S.C. § 3205 and any other process to which the defendant may be entitled under the FDCPA.

5. The garnishee waives being heard in this matter and any other process to which the garnishee may be entitled under the FDCPA.

6. The defendant agrees and stipulates that her wages are subject to garnishment under 28 U.S.C. § 3205 and expressly agrees and stipulates that the entry of a Final Order in Garnishment is proper.

7. The parties therefore agree and stipulate to entry of a Final Order in Garnishment against all the non-exempt wages of the defendant. It is expressly agreed and stipulated to by the parties that the garnishee shall pay to the United States the total sum of $75.00 per month, which shall be withheld from the wages owed to the defendant.

8. These sums are to be applied upon the judgment rendered in this case. These payments are to continue for a period of one year, at which time the defendant shall submit additional financial information to the plaintiff and the agreed garnishment amount may be increased.

9. Checks should be made payable to the Department of Justice and mailed to 300 South Fourth Street, Room 600, Minneapolis, Minnesota 55415.

10. The plaintiff may pursue administrating offsets, including those by the Internal Revenue Service and the defendant specifically consents to the offset. Any payments applied to this claim by the Internal Revenue Service as a result of tax return offsets will be credited as a payment to the existing balance and will not be included as part of the periodic payments, nor will it affect the periodic payments.

11. The defendant can at any time request an accounting of the funds garnished. However, the defendant hereby knowingly waives any rights that defendant might have under 28 U.S.C. §3205(c)(9) to any automatic accounting.

Dated: November 29, 2001

THOMAS B. HEFFELFINGER
United States Attorney

M. Trippler

BY: MARY L. TRIPPLER
Assistant U.S. Attorney
Attorney I.D. No. 110887
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600

Dated: 11/06/01

Felicia R. Bennett
Defendant

Dated: 11/06/01

City of Lakes Health Care
Garnishee

IT IS SO ORDERED.

Dated: 12/4/01

Susan Richard Nelson

Magistrate Judge, United States District Court